Christopher J. Reichman SBN 250485
PRATO & REICHMAN, APC
3675 Ruffin Road, Suite 220
San Diego, CA 92123
Telephone: 619-683-7971
chrisr@prato-reichman.com
justinp@prato-reichman.com

Attorneys for Class and Named Plaintiff
JONATHAN SAPAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SAPAN, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>SAFEWAY, INC.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br><br>**Jury Trial Demanded** |

Plaintiff JONATHAN SAPAN ("Plaintiff" and/or "Plaintiffs") makes the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiffs and their counsel, which are based on personal knowledge. Plaintiffs bring this action for injunctive relief and damages against Defendant demanding a trial by jury.

# JURISDICTIONAL ALLEGATIONS

1. Plaintiff at all times herein mentioned was a resident of the County of Pima, State of Arizona.

2. Defendant SAFEWAY, INC. is, and at all times herein mentioned was, a Delaware registered corporation, with principal place of business in the State of California, doing business in Arizona (hereinafter referred to as "Defendant" and/or "SAFEWAY").

3. SAFEWAY's 2024 California corporate Statement of Information states their principal place of business is in Pleasanton, California, which is in the territory of the United States District Court for the Northern District of California.

4. Attached as Exhibit 1 is the 2024 SI for SAFEWAY and is a true and correct copy

5. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq. ("TCPA").  The U.S. Supreme Court decided that federal courts have federal question subject matter jurisdiction over such TCPA civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, 565 U.S. 368, 387, 132 S.Ct. 740, 753 (2012).

6. At all times herein mentioned each employee, representative, officer, director, or consultant of any Defendant was acting as its agent.

# NATURE OF THE ACTION

7. Plaintiffs bring this action against Defendant for injunctive relief and damages and all other relief available at law and in equity.

8. The TCPA was passed in order to regulate telemarketing by prohibiting, *inter alia*, phone calls to numbers on the federal Do Not Call Registry run by the Federal Trade Commission.  47 U.S.C. § 227(b)(1)(B).

- 2 -

Complaint

9. SAFEWAY is engaged in a scheme to sell pharmacy goods and services via cold Short Message Service ("SMS" and/or "texts") to residential phone numbers on the protected federal Do Not Call Registry.

10. Thus, SAFEWAY is engaging in making illegal telemarketing texts prohibited by the Telephone Consumer Protection Act of 1991 ("TCPA"), which gives victims of junk texts a private right of action to sue for the intrusion on their privacy.

11. The modus operandi is the same for all the texts in this case, SAFEWAY either directly or using an agent acting at the direction of SAFEWAY texts various numbers in the United States to sell SAFEWAY's services without regard to whether those numbers are on the Do Not Call Registry or not.

12. SAFEWAY and/or its agents do not check the federal Do Not Call Registry before making these texts nor engage in any Do Not Call Registry compliance.

13. These texts are made to massive lists of phone numbers in the United States with no regard for whether these numbers have been registered on the National Do-Not-Call Registry ("DNC") or not.

14. SAFEWAY has intentionally violated the TCPA in a so-far successful attempt to sell pharmacy goods and services for years.

**FACTUAL DETAILS RE NAMED PLAINTIFF**

15. Defendants made three (3) texts to JONATHAN SAPAN's home phone number (857-225-1131) wherein they solicited their pharmacy goods and services on the following dates and times and using the following Caller ID ("CID") numbers:
- 12/8/2020, 3:02 pm, CID Name: "25374 CELL1131"
- 6/24/2021, 2:54 pm, CID Name: "25374 CELL1131"
- 9/26/2022, 12:45 pm, CID Name: "25374 CELL1131"

16. Mr. Sapan made a log of all the texts he received from SAFEWAY during or shortly after receiving the texts which includes the date and time of the text as well as brief notes about what the text was referring to.

17. True and correct copies of texts are attached to this Complaint as Exhibit 2-4 and are incorporated herewith, with the minor exception that Exhibit 4 has a smart-pen electronically hand drawn note by Mr. Sapan in yellow on the underlying true and correct text message dated 9/26/2022.

18. The texts illegally blocked and altered transmitting accurate Caller ID Number information. *See*, 47 U.S.C. § 227(e) (Truth in Caller ID Act of 2009).

19. Mr. Sapan's residential line has been tariffed as a residential line since he was assigned it by the phone company more than eighteen (18) years ago.

20. Mr. Sapan registered his residential line on the National "Do-Not-Call" Registry on June 16, 2006 and Mr. Sapan has kept his residential line on the Registry from that time to the present.

21. Mr. Sapan never gave SAFEWAY or any other person, agent, employee or entity associated with SAFEWAY express written permission to text him, nor does he have an established business relationship nor personal relationship with SAFEWAY or any other person, agent, employee or entity associated with SAFEWAY.

22. The first text on December 8, 2020, from the CID Name 25374 CELL1131 was soliciting Flu shots.

23. The second text on June 24, 2020, from the CID Name 25374 CELL1131 was advertising COVID shots

24. The third text on September, 2022 from the CID Name 25374 CELL1131 was again soliciting Covid Shots.

25. Plaintiff pleads on information and belief that the unknown telephone number associated with CID Name 25374 CELL1131 belongs directly to

SAFEWAY and that SAFEWAY directly made the texts associated with this CID Name (the number was illegally blocked, see paragraph 18, above).

26. Plaintiff pleads on information and belief that the CID Name 25374 CELL1131 belongs to an agent(s) or entity(ies) hired by SAFEWAY and that the agent(s) or entity(ies) transmit the texts associated with these CID.

27. All of the texts above were made either by SAFEWAY directly or "on behalf of" SAFEWAY within the meaning of 47 U.S.C. 227(c)(5) because the point of all the texts was to sell SAFEWAY's pharmacy services.

28. Plaintiff pleads on information and belief that to the extent SAFEWAY may have relied on any agent or other entity to begin telemarketing texts on its behalf, SAFEWAY had direct knowledge that such texts are being made to residential numbers and to numbers on the Do Not Call Registry without consent.

29. Alternatively, Plaintiff pleads on information and belief that to the extent SAFEWAY may have relied on any agent or other entity to begin telemarketing texts on its behalf, SAFEWAY hired that agent to interact with the public on SAFEWAY's behalf using SAFEWAY's name when they brought the SAFEWAY sales person into the illegal text and therefore gave implied authority to represent SAFEWAY.

30. Alternatively, Plaintiff pleads on information and belief that SAFEWAY ratified the making telemarketing texts on its behalf if made by third-party agents by knowing of the illegal conduct and failing to repudiate the conduct.

31. SAFEWAY may have made more violative texts to Plaintiff's residential line that he was unable to log or identify at the time and expressly includes claims for them herein even though the specifics of the dates and times are unknown at this time without the aid of discovery.

///

# DIRECT LIABILITY OF SAFEWAY

32. As detailed above, Plaintiffs pleads that CID number, 25374 CELL1131 belongs directly to SAFEWAY and that SAFEWAY directly made the texts associated with these CIDs.

33. Plaintiff pleads on information and belief that all texts made from CID numbers 25374 CELL1131 were made by direct employees of SAFEWAY.

34. Plaintiff pleads on information and belief that the officers, managers and employees for SAFEWAY knew about the illegal telemarketing texts as alleged above and in fact ordered such texts to be made because the texting was text junk telemarketing not directed to any specific person and used a technically sophisticated texting system that could illegally hide Caller ID Number which indicates that this was an intentional and organized corporate sales effort and not a rogue employee or random event.

# AGENT LIABILITY ALTERNATIVE ALLEGATIONS

35. Plaintiff pleads on information and belief that to the extent SAFEWAY may have relied on any agent or other entity to make telemarketing texts on its behalf, SAFEWAY had direct knowledge that such texts are being made to residential numbers and to numbers on the Do Not Call Registry without consent and/or authorized such actions by, inter alia, allowing the agent to use SAFEWAY's name and trademark to attempt to make the sale for SAFEWAY.

36. Alternatively, Plaintiff pleads on information and belief that to the extent SAFEWAY may have relied on any agent or other entity to make telemarketing texts on its behalf, SAFEWAY hired that agent to interact with the public on SAFEWAY's behalf and therefore gave implied authority to represent SAFEWAY.

37. Alternatively, Plaintiff pleads on information and belief that SAFEWAY ratified the making telemarketing texts on its behalf if made by third-party agents by knowing of the illegal conduct and failing to repudiate the conduct for all the reasons given above.

38. Plaintiff pleads on information and belief that to the extent SAFEWAY uses any agents to make texts, SAFEWAY has ordered their agent to make the illegal telemarketing texts to residential numbers on the National "Do-Not-Call" Registry for its benefit.

39. Plaintiff pleads on information and belief that to the extent SAFEWAY uses any agents to make texts, SAFEWAY knew or reasonably should have known that its agents were was making the illegal texts to residential numbers on the National "Do-Not-Call" Registry.

40. Plaintiff pleads on information and belief that to the extent SAFEWAY uses any agents to make texts, SAFEWAY explicitly condoned the actions of such agents in making the illegal telemarketing texts to residential numbers on the National "Do-Not-Call" Registry for its benefit by condoning their actions afterwards.

41. Plaintiff pleads on information and belief that to the extent SAFEWAY uses any agents to make texts, SAFEWAY explicitly hired by such agent in order to make the illegal telemarketing texts to numbers on the National "Do-Not-Call" Registry for the benefit of SAFEWAY.

## "ON BEHALF OF" LIABILITY ALLEGATIONS

42. Plaintiff pleads that all texts complained of above were made "on behalf of" SAFEWAY within the meaning of those words as used in title 47 of the United States Code section 227(c)(5): "A person who has received more than one telephone call within any 12-month period **by or on behalf of** the same entity in violation of the regulations prescribed under this subsection may, if otherwise

permitted by the laws or rules of court of a State bring in an appropriate court of that State…" [emphasis added].

43. Plaintiff contends that "on behalf of" liability is a broader standard than traditional agency liability.

44. Plaintiff pleads on information and belief that SAFEWAY hired, retained, instructed or allowed any entity or person who made the alleged texts to makes those texts on behalf of SAFEWAY in order to sell SAFEWAY's financial products.

45. Additionally, any call which was transferred to an employee of SAFEWAY was made on behalf of SAFEWAY to sell their services.

## ACTUAL HARM & WILFUL AND KNOWING CONDUCT

46. The Telephone Consumer Protection Act of 1991 ("TCPA") was passed in order to regulate telemarketing and requires that no telemarketer may call any number registered on the National "Do-Not-Call" Registry without prior express consent or a prior established business relationship.

47. Defendant has intentionally violated the TCPA in a so-far successful attempt to sell pharmacy goods and services.

48. Plaintiff has been harmed by these texts by the intrusion upon his privacy by callers who had no legal right to call his residential number.

49. Plaintiff has been harmed by the junk texts complained of herein by the direct waste of his time during the call itself, the indirect waste of time in having to break from other important tasks and spend time catching up after the junk call, the waste of telephone service which he and not Defendant must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

- 8 -
Complaint

50. Plaintiff has been harmed by the texts he did not answer by the direct waste of his time in having to check the Caller ID while he was busy, the indirect waste of time in having to break from other important tasks and spend time catching up after reviewing these junk texts, the waste of telephone service which he and not Defendant must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

51. As a proximate result of these intrusions, Plaintiff suffered and invasion of his privacy because the call should never have been transmitted to him and rang his private phone at his private residence.

52. Plaintiff alleges on information and belief that Defendant made the texts described above intentionally, in the sense that the number called was the one they meant to call in pitching their services.

53. Plaintiff alleges on information and belief that Defendant made the texts described above knowing that they were made in contravention of the TCPA and other telemarketing laws and regulations.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: TCPA VIOLATION
### CALL TO NUMBER ON THE NATIONAL "DO-NOT-CALL" REGISTRY
### (On Behalf of the Plaintiff)

54. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

55. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

56. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations."

57. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

58. Text messages are calls for TCPA purposes. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009).

59. Defendant has called Plaintiff's residential telephone line for solicitation purposes at least twice during a calendar year during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These texts are the only texts known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative texts to Plaintiff's residential telephone line. These texts were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff. 37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

60. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the National "Do-Not-Call" Registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief or Plaintiff may recover up to $500.00 for each violation, or both. If the court finds that Defendant's violations were willful or knowing, it may, in its discretion, award up to three times that amount.

/ / /

/ / /

WHEREFORE Plaintiffs pray for judgment against Defendant, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 U.S.C. § 227(c)(2);
2. For an award of $1,500.00 for each such violation found to have been willful;
3. For injunctive relief pursuant to 47 U.S.C. 227(c)(5)(A);

On ALL CAUSES OF ACTION:

4. For attorney's fees pursuant to all applicable federal and state statutes;
5. For costs of suit herein incurred; and
6. For such further relief as the Court deems proper.

DATED: December 6, 2024                **PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff,