UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SAPAN,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC.,<br><br>Defendant. | Case No. 24-cv-08804-JST<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 41 |

Now before the Court is Safeway, Inc.'s motions to dismiss Jonathan Sapan's second amended complaint, ECF No. 41, and to stay discovery, ECF No. 42.  The Court will grant the motion to dismiss with prejudice and deny the motion to stay discovery as moot.

## I.      BACKGROUND

The factual background to this case is laid out in greater detail in the Court's August 29, 2025 order denying defendant's motion to compel arbitration and granting defendant's motion to dismiss.  ECF No. 38.  In short, Sapan filed a putative class action on December 6, 2024 against Safeway for violations of the Telephone Consumer Protection Act of 1991.  ECF No. 1; ECF No. 40 ("SAC") ¶ 5.  Sapan alleges that he received three text messages from Safeway soliciting pharmacy services such as flu and COVID vaccines on December 8, 2020, June 24, 2021, and September 26, 2022.  ECF No. 38 at 1;  SAC ¶¶ 15, 22–24.  In his second amended complaint, Sapan adds allegations that he received one text message and one prerecorded call on December 16, 2019 and one text message received on March 16, 2020.  SAC ¶¶ 32, 36.  Sapan alleges that these communications "solicited [sic] [Safeway's] pharmacy goods and services.  *Id.* ¶ 32.

Sapan alleges that these communications violated the TCPA as his residential phone number has been registered on the National Do Not Call Registry ("DNC Registry") since June

16, 2006. *Id.* ¶ 20. Sapan further alleges that he "never gave S[afeway] or any other person, agent, employee or entity associated with S[afeway] express written permission to text him" and does not "have an established business relationship nor personal relationship with S[afeway] or any other person, agent, employee or entity associated with S[afeway]." *Id.* ¶ 21.

The Court granted Safeway's motion to dismiss the first amended complaint on August 29, 2025. ECF No. 38. The Court found that the communication that Sapan received on June 24, 2021 fell under the COVID-19 emergency rule excluding from TCPA's purview calls from health care providers making information calls directly related to the pandemic's health risks. *Id.* at 10. Accordingly, the Court found that Sapan failed to allege that Safeway sent more than one violative text message in a calendar year. *Id.* at 11.[1] Sapan then filed his second amended complaint on September 18, 2025, adding the three communications identified above that he received in 2019 and 2020. SAC ¶¶ 32–50.

Safeway moved to dismiss the second amended complaint on October 2, 2025. ECF No. 41. Plaintiff failed to oppose the motion in time, and Safeway filed a timely reply on October 23, 2025. ECF No. 46. Sapan filed a late opposition without leave of court on October 24, 2025. ECF No. 47 at 6. Safeway filed a supplemental reply brief, asking the Court to strike the late opposition brief. ECF No. 50 at 6. The Court took the matter under submission without a hearing on December 3, 2025. ECF No. 51.

Safeway also filed a motion to stay discovery on October 2, 2025. ECF No. 42. Sapan filed a notice of non-opposition to that motion. ECF No. 48.

## II.    JURISDICTION

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

## III.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

---

[1] "The TCPA gives consumers 'who ha[ve] received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the[se] regulations' a private right of action." *Greene v. Select Funding, LLC*, No. 2:20-CV-07333-RGK-KS, 2021 WL 4926495, at *4 (C.D. Cal. Feb. 5, 2021) (quoting *Jones v. Royal Admin. Services, Inc.*, 887 F.3d 443, 448 (9th Cir. 2018)).

United States District Court
Northern District of California

United States District Court
Northern District of California

complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but the facts must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While this standard is not "akin to a 'probability requirement' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). In so doing, "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis omitted).

## IV. DISCUSSION

### A. Request to Strike Opposition

Safeway requests that the Court strike Sapan's late-filed opposition. Sapan's counsel states that he mis-calendared the opposition brief due date because he failed to read the Court's local rules. ECF No. 47 at 6 n.1. He argues that any prejudice to Safeway could be cured by the filing of an additional brief. *Id.* In fact, Safeway's second reply brief addresses the arguments in Sapan's late opposition. Seeing no prejudice, and in light of the ruling set forth below, the Court

exercises its discretion to consider Sapan's late-filed opposition.

### B.        Motion to Dismiss

The Court previously found that Sapan had not received more than one impermissible communication from Safeway within a 12-month period, as required to allege a TCPA claim. ECF No. 38 at 12 (citing *Greene v. Select Funding, LLC*, No. 2:20-CV-07333-RGK-KS, 2021 WL 4926495, at \*5 (C.D. Cal. Feb. 5, 2021)).  In his second amended complaint, Sapan adds three additional communications that were not included in his prior complaints:  a text message and a prerecorded call related to flu shots, both received on December 16, 2019, and a text message related to prescription delivery during the pandemic received on March 16, 2020.  Safeway moves to dismiss the complaint arguing that Sapan cannot rehabilitate his claims by relying on three time-barred communications.  Sapan acknowledges that any claim concerning these messages is time-barred but argues that they are alleged solely "for statutory standing."  ECF No. 47 at 7–8. The Court agrees with Safeway.

"A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may [] bring (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or (C) both such actions. "  47 U.S.C. §227(c)(5).  TCPA actions have a four-year statute of limitations.  *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015); 28 U.S.C. § 1658.  The Court previously dismissed the complaint because Sapan "failed to allege that Safeway sent more than one violative text message in a calendar year" because the June 24, 2021, COVID-19-related message was "subject to the emergency purposes exception."  ECF No. 38 at 11.  Tacking on three time-barred communications does not save Sapan's claim.  *See, e.g., Ewing v. Freedom Forever LLC*, No. 20-CV-880-JLS (AHG), 2021 WL 1087100, at \*4 (S.D. Cal. Mar. 22, 2021) ("Because Plaintiff filed this action on May 11, 2020, *see* ECF No. 1, any TCPA claims based on alleged calls from before May 11, 2016 are barred by the applicable statute of limitations.").

Accordingly, the Court will dismiss Sapan's complaint.  Because the Court already granted

United States District Court
Northern District of California

Plaintiff leave to amend, and Plaintiff failed to correct the deficiencies in his complaint that the Court specifically identified, dismissal is without leave to amend. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile."); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1046 (9th Cir. 2011) (affirming denial of leave to amend where the plaintiff had failed to add any new facts to the proposed amended complaint).

**CONCLUSION**

Safeway's motion to dismiss is granted with prejudice. The motion to stay discovery is denied as moot. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: April 6, 2026

_____
JON S. TIGAR
United States District Judge